IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

IN RE: MNE BROADCASTING, LLC          CIVIL ACTION NO. 1:10-01394

MEMORANDUM OPINION AND ORDER

Pending before the court is the motion to withdraw reference to bankruptcy court filed by Charter Communications VI, LLC and Interlink Communications Partners, LLC (collectively "Charter"). (Doc. # 5). In the motion, Charter asks this court to withdraw its reference of MNE Broadcasting's entire bankruptcy case. According to Charter, MNE's Chapter 11 Petition presents a potential conflict with this Court's pre-petition Orders entering judgment against MNE and appointing a receiver to take control of its assets. MNE did not file a response to Charter's motion.

Section 157(d) of the Bankruptcy Code allows district courts to "withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court], on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).[1] Because "cause" for permissive withdrawal is not explicitly defined in § 157(d), many courts consider a number of factors in deciding whether cause exists to withdraw the reference:

---

[1] Charter does not argue that mandatory withdrawal under § 157(d) is at issue. See Doc. # 6 at p. 1 ("This Court should exercise its discretionary power pursuant to 28 U.S.C. § 157(d) to withdraw its reference . . . .").

Case 5:11-bk-50006    Doc 113-2    Filed 09/30/11    Entered 10/04/11 11:02:48    Desc
Text searchable image    Page 2 of 3
Case 1:10-cv-01394    Document 7    Filed 09/30/11    Page 2 of 3 PageID #: 866

(1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy law; (3) promoting judicial economy; (4) the efficient use of the parties' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial.

Point Service Corp. v. Pritchard Min. Co., No. 3:09-0145, 2010 WL 1410673, *5 (S.D.W. Va. Mar. 31, 2010); Dwyer v. First National Bank, No. 5:08-cv-01269, 5:08-mc-00058, 2009 U.S. Dist. LEXIS 42819, at *9 (S.D.W. Va. May 19, 2009)(Johnston, J.)(quoting Allen v. Nat'l City Mortg. Co., 2:04-mc-188, 2006 U.S. Dist. LEXIS 94819, at *4 (S.D. W. Va. July 13, 2006)(Goodwin, J.)).

In Charter's motion to dismiss, currently pending in the bankruptcy court, it argues that MNE filed its bankruptcy case in bad faith and as a collateral attack on this court's orders. According to Charter, "[t]here can be no dispute that judicial economy and the efficient use of the parties' resources would be promoted if this Court rather than the Bankruptcy Court made the determination on Charter's Motion given this Court's familiarity with the history of the litigation, the conduct of the parties, and understanding of its own Orders. . . ." See Doc. # 6 at p. 2.

Given Charter's representations regarding the character of its motion to dismiss, the court finds that it is appropriate to withdraw the reference for the limited purpose of deciding the motion to dismiss. However, upon consideration of the aforementioned "cause" factors, the court declines to withdraw

reference of the entire bankruptcy case. Accordingly, the motion to withdraw reference is **GRANTED** to the extent it asks this court to decide the motion to dismiss. In all other respects, the motion is **DENIED**. The parties are directed to work with the Clerk's Office to ensure that all papers related to the motion are contained within the record and that said motion is docketed as a pending motion in this civil action.

The Clerk is directed to send copies of this Order to counsel of record and the United States Bankruptcy Court for the Southern District of West Virginia.

It is **SO ORDERED** this 30th day of September, 2011.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge